# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| FOOD TEAM INTERNATIONAL LTD. | : | |
| | : | No. 13-4326/13-4426 |
| Plaintiff-Appellee/Cross-Appellant, | : | |
| v. | : | |
| | : | |
| UNILINK, LLC, et.al., | : | |
| | : | |
| Defendants-Appellants/Cross Appellees. | : | |

## DEFENDANTS-APPELLANTS' OPPOSITION TO PLAINTIFF-APPELLEE'S MOTION TO FILE A SUPPLEMENTAL APPENDIX WITH CROSS-MOTION FOR FEES INCURRED FOR VIOLATION OF F.R.A.P. RULE 38

In response to Plaintiff-Appellee's Motion to file a Supplemental Appendix, Defendants-Appellants state:

## THE MOTION IS FRIVOLOUS - IT IS DEVOID OF LEGAL BASIS

There was no Order on the issue in the Court below.

As a Court of Appeals, this Court's subject matter jurisdiction is limited, pursuant to 28 U.S.C.§1291, to an <u>appealable order of the District Court</u>. Movant has proffered no justification for this appellate court to take cognizance, let along rule, on an alleged discovery dispute which is being *formally* raised for the first time on appeal. There is no legal argument that can be made to justify Plaintiff-Appellee's taking the time of this appellate court or opposing counsel to address this motion which is legally frivolous.

THE MOTION IS FRIVOLOUS - IT IS DEVOID OF FACTUAL BASIS

The requirement of Fed. R. Civ. P. Rule 26(a)(1)(A)(iv) directs disclosure of "any insurance agreement under which an insurance business *may be liable to satisfy all or part of a possible judgment in the action*."  No such insurance agreement has ever existed. This simple fact was made clear to movant's counsel during post-trial conferences with the District Court in June of 2012 after which he was supplied with a copy of the policy in question **that was not even in effect during the time of the transactions giving rise to the Complaint**.  Movant's counsel was given exact directions to the specific policy exclusions (Exhibit A attached) which removed any possibility of the insurance company being responsible for any judgment (or portion thereof) that could be entered in Plaintiff-Appellee's favor.

Indeed, the carrier notified the policy holder, former defendant Pennsylvania Food Group, LLC, in August 2010, before the Defendants' Answer was even filed, that, except for some coverage for defense costs, the policy provided no coverage, in fact specifically excluded any coverage, for any liability on the claims being made by Food Team International LTD. (Exhibit B attached).

Plaintiff-Appellee might just as well be complaining about non-disclosure of Defendant Gregory's homeowner's insurance or Defendant Boutarabi's auto policy.

## THE COURT SHOULD IMPOSE COSTS AND FEES
## UPON MOVANT'S COUNSEL UNDER F.R.A.P. RULE 38

Upon receipt of Plaintiff-Appellee's Notice of Cross-Appeal in November, formal notice and demand for withdrawal of the discovery document issue was given to Movant's counsel pursuant to F.R.A.P. Rule 38 (Exhibit C attached). Plaintiff-Appellee's counsel's persistence on his frivolous course of conduct can have only one purpose, to harass opposing counsel by way of an *ad hominem* attack in an attempt to impugn opposing counsel's veracity in the Court's eyes.

Upon the above and the attached exhibits, the Court should impose appropriate sanctions upon Movant's counsel for his conduct.

Respectfully Submitted

August 10, 2014

 s/Mark C. H. Mandell
Mark C. H. Mandell
*Attorney for Defendants-Appellants*
42 Herman Thau Road
Annandale, NJ 08801
908-638-4434

Certificate of Service

Mark C. H. Mandell herewith certifies to the Court that on even date herewith a true and complete copy of this Opposition and Cross-Motion, with attached exhibits, was served upon all counsel appearing in this proceeding by way of the Courts CM/ECF System

August 10, 2014

 s/Mark C. H. Mandell
Mark C. H. Mandell

3

EXHIBIT A

Law Offices
# *MARK C. H. MANDELL*

Admitted to Practice:
New York, New Jersey
&
Pennsylvania
U.S. Court of Appeals: 2nd, 3rd, 9th, 11th, & D.C. Cir.
United States Supreme Court
Reply To *New Jersey* Office

New Jersey:   *42 Herman Thau Road*
*Annandale, NJ 08801*
*(908)638-4434*
*Fax (908)638-4432*

New York:   *3 Park Avenue, 16th Floor*
*New York, NY 10016*
*(212)349-0055*

June 13, 2012

Keaton & Associates, P.C.
1278 West Northwest Highway, Suite 903
Palatine, IL 60067
Att: Michael J. Keaton, Esq.

Via Fax Only

Re:     Food Team v. Unilink, et. al.
EDPa 10-3584

Dear Mr. Keaton,

I have received your faxed letter of June 12, 2012 containing your allegations of concealment of discoverable information in violation of F.R.C.P. Rule 26(a)(iv). As you appear to have ignored the actual text of the rule's sub-section, I reprint it for you, with emphasis, as follows:

"(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business *may be liable to satisfy all or part of a possible judgment* in the action or to indemnify or reimburse for payments made to satisfy the judgment."

What you continue to ignore is my repeatedly informing both you and your associate, Mr. Crees, on several occasions, as well as the Court during two conferences, that no such insurance policy exists nor has such a policy ever existed with regard to any entity in the above referenced action. Consequently, no duty to disclose arose under the rule you cite, and Defendants have concealed nothing under Rule 26(a)(iv).

Moreover, as pointed out in the last conference by Judge Gardner, discovery has long since closed, and you made no request for disclosure of any information having any relationship to what you now demand.

Notwithstanding the above, I enclose a copy of the policy which was the topic of my informal comment. You will note, therefrom, that

a) the policy was only in force from November 12, 2009 through November 12, 2010, thus no coverage for claims made prior or subsequent to that period; and

b) there is no liability for any claim by Food Team, such being specifically not covered pursuant to Section III, paragraph "C." excluding oral or written contract liability.

As correctly disclosed and stated to both you and the Court, the only claim that can be made on the policy with regard to the Food Team v. Unilink litigation is for Defendants' Defense Costs

Yours Etc.,

Mark C. H. Mandell

enc.

EXHIBIT B



# Philadelphia Insurance Companies

**Claims Department**

P.O. Box 950, Bala Cynwyd, Pennsylvania 19004-0950
800.765.9749 • Fax: 800.685.9238 • www.phly.com
NASDAQ: PHLY

August 12, 2010

PENNSYLVANIA FOOD GROUP, LLC
PO BOX 202
REXMONT, PA 17085
ATTN: MIKE MOORE

## CERTIFIED MAIL RETURN RECEIPT REQUESTED

Re:

| | |
|---|---|
| Policy #: | PHSD487134 |
| Insured: | Pennsylvania Food Group, LLC |
| Plaintiff: | Food Team International, LTD |
| Claim #: | 487134 |

Dear Mr. Moore:

This letter will acknowledge receipt of a complaint filed in the U.S. District Court, Eastern District of Pennsylvania, under number 10-3584 against Unilink, LLC and Gary Gregory' Marc Behaegal, Akbar Boutarabi, Mike Moore and Pennsylvania Food Group, LLC alleging Violation of the Perishable Agricultural Commodities Act, Breach of Contract, Breach of Contract Repudiation, Breach of Fiduciary Duty to PACA Trust Beneficiaries and seeks endorsement of the PACA Trust.

Plaintiff alleges defendants purchased $900,260.00 of produce from plaintiff which was delivered but not paid for.

The purpose of this letter is to advise you of Philadelphia Indemnity Insurance Company's (PIIC) position regarding insurance coverage as it relates to the above-referenced matter. Based on the information that we have to date and because our investigation is still continuing, PIIC has agreed to provide a conditional defense in this matter for all defendants while specifically reserving all rights and defenses, including the right to disclaim any duty to defend or indemnify with respect to this litigation and the claims asserted. Further, PIIC will not

---

Philadelphia Insurance Company ■ Philadelphia Indemnity Insurance Company ■ Maguire Insurance Agency, Inc.
Mobile USA Insurance Company ■ Liberty American Insurance Company

2

provide coverage in excess of the limits of coverage provided in any applicable policy of insurance, such coverage being subject to all applicable conditions, limitations and exclusions.

By referring to the allegations in the complaint, we do not mean to suggest that they are true. The complete allegations and relief sought are detailed in the Complaint, a copy of which I understand you have and can refer to for further details.

## THE POLICY

PIIC issued Policy No. PHSD460878 to Pennsylvania Food Group, LLC, written on a claims made basis covering only those claims first made during the policy period and reported in writing to PIIC pursuant to all terms, conditions and limitations therein. The policy period ranges from 11/02009 to 11/02/2010 with limits of liability of $2,000,000.00 each policy period and a retention of $5,000 which applies to both expense and indemnity. The Insuring Agreement in Part I provides as follows:

I.    INSURING AGREEMENTS

A.    INDIVIDUAL LIABILITY COVERAGE

The Underwriter shall pay on behalf of the Individual Insured, Loss from Claims made against Individual Insureds during the Policy Period (or, if applicable, during the Extended Reporting Period), and reported to the Underwriter pursuant to the terms of this Policy, for D&O Wrongful Acts, except to the extent the Private Company has indemnified the Individual Insured for such Loss.

B.    PRIVATE COMPANY INDEMNITY COVERAGE

The Underwriter shall pay on behalf of the Private Company, Loss from Claims made against Individual Insureds during the Policy Period (or, if applicable, during the Extended Reporting Period), and reported to the Underwriter pursuant to the terms of this Policy, for D&O Wrongful Acts, if the Private Company has indemnified such Individual Insureds for such Loss.

C.    PRIVATE COMPANY LIABILITY COVERAGE

The Underwriter shall pay on behalf of the Private Company, Loss from Claims made against the Private Company during the Policy Period (or, if applicable, during the Extended Reporting Period), and reported to the Underwriter pursuant to the terms of this Policy, for a D&O Wrongful Act.

Part I also includes specific Definitions for a D&O Wrongful Act , which is set forth below:

3

II.    DEFINITIONS

    A.    D&O Wrongful Act means any actual or alleged:

        1.    act, error, omission, misstatement, misleading statement, negligent, or breach of duty committed or attempted by an **Individual Insured** in his/her capacity as an **Individual Insured**; or

        2.    act, error, omission, misstatement, misleading statement, neglect, or breach of duty committed or attempted by the **Private Company**.

        3.    act, error, omission, misstatement ,misleading statement, neglect, or breach of duty committed or attempted by an **Individual Insured** arising out of serving in his/her capacity as a director, officer, governor or trustee of an **Outside Entity**, but only:

            a.    if such service is at the written request or direction of the Private Company, and

            b.    if, at the time such service began, the Individual Insured did not know or could not have reasonably foreseen that such act, error or omission, misstatement, misleading statement, neglect, or breach of duty could lead to a Claim under this Policy.

    In addition, Part 4 of the Policy provides for common policy definitions including, but not limited to the following:

**PART 4**
**Common Policy Definitions**

    B.    **Claim** means:

        1. a written demand for monetary or non-monetary relief;

    C.    **Damages** means any monetary judgment (Including any pre- and post-judgment interest thereon) or monetary settlement, including the punitive, exemplary or multiple portion of any judgment (to the extent such damage is insurable under law or any jurisdiction which has a substantial relationship to the Insured or to the Claim seeking damage and which is most favorable to the incurability of such damage).

    D.    **Defense Costs** means:

        1.    any reasonable and necessary legal fees and expenses incurred in the defense of a Claim, whether by the Insured with the Underwriter's consent or directly by the Underwriter, in the investigation,

4

adjustment, defense and appeal of a Claim, except that Defense Costs shall not include:

 a. any amounts incurred in defense of any Claim for which any other insurer has as duty to defense, regardless of whether or not such other insurer undertakes such duty; or

 b. salaries, wages overhead or benefit expenses associated with any Insured except as specified in subparagraph 2, below; or

 c. salaries, wages, overhead or benefit expenses associated with employees of the Underwriter;

2. a $250 per day per Individual Insured supplemental payment for the attendance at the request or with the consent of the Underwriter by such Individual Insured at hearings, trials or depositions. Such payment shall not exceed $5000 in the aggregate for all Individual Insureds in each Claim.

G. Individual Insured means:

1. any individual who has been now or shall become a director, officer, governor, trustee, Employee, volunteer, management committee member, or member of the Board of Managers of the Private Company or, solely with respect to Part 3 (Fiduciary Liability Insurance), a director, officer, governor, trustee or Employee of any Benefit Plan.

H. Insured means the Private Company and Individual Insured.

J. Loss means:

1. Damages;

2. Defense Costs;

but Loss does not include:

3. matters deemed uninsurable under the law to which this Policy shall be construed; or

4. any amounts other than Defense Costs, which an Insured is obligated to pay as a result of a Claim, seeking relief or redress in any form other than monetary damages.

L. Private Company

1. the Named Corporation; and

5

      2.    any Subsidiary.

M.    **Policy Period**  means the period of time specified in Item 2 of the Declarations Page.

T.    **Wrongful Act** means:

      1.  with respect to Part 1, any D&O Wrongful Act,
      2.  with respect to Part 2, any Employment Practice Act,
      3.  with respect to Part 3, any Fiduciary Liability Act

The Policy at issue also contains and is subject to Exclusions set forth both in Part 1 of the Policy as well as Common Policy Exclusions set forth in Part 5. They include, but are not limited to, the following:

III.    EXCLUSIONS

The Underwriter shall not be liable under this Part 1 to make any payment for Loss in connection with any Claim made against the Private Company under Insuring Agreement.

      B.  arising out of, based upon or attributable to any actual or alleged price fixing, restraint of trade, monopolization, unfair competition, or violation of the Federal Trade Commission Act, the Sherman Anti-Trust Act, the Clayton Act, the Robinson-Patman Act, the Hart-Scott-Rodino Anti-Trust Improvement Act or any other similar federal, state, or local statutory provision or common law anywhere in the world;

            . . .

      C.  for any action or alleged liability under any written or oral contract or agreement; however, this exclusion does not apply to any of the following:

    1.  liability of the Private Company which would have attached even in the absence of such contract or agreement; or

    2.  Defense Costs.

**PART 5**
**Common Policy Exclusions**

The Underwriter shall not be liable to make any payment for Loss in connection with any Claim made against the Insured.

      A.  arising out of, based upon or attributable to such Insured gaining any profit, remuneration or advantage to which they were not legally

6

entitled; however, this exclusion shall only apply if a final and non-appealable judgment or adjudication establishes the Insured committed such act or omission.

B.   arising out of, based upon or attributable to any dishonest or fraudulent act or omission or any criminal act or omission by such Insured; however, this exclusion shall only apply if a final and non-appealable judgment or adjudication establishes the Insured committed such act or omission.

J. brought or maintained by or on behalf of, or in the right of, the Private Company   except a derivative action Claim by any person who is not a past or present director, officer, governor, trustee, equivalent executive, management committee member, or member of the Board of Managers of the Private Company and who brings or maintains the Claim without the solicitation, assistance or participation of such persons; provided, however that this exclusion shall not apply to a Claim brought or maintained by or on behalf of a bankruptcy or insolvency receiver, trustee, examiner, conservator, liquidator or rehabilitator for the Private Company, or any assignee of such receiver, trustee, examiner, conservator, liquidator or rehabilitator;

The Policy also contains numerous policy conditions including, but not limited to the following:

XII.   OTHER INSURANCE

If the Insured has any other insurance for Claims covered hereunder, the insurance provided by this Policy shall be excess over such other insurance, regardless of whether such other insurance is collectible or designated as primary or excess.

Also, please refer to:

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

**BUSINESS ADVANTAGE PRO-PAK ELITE COVERAGE**

This endorsement modifies insurance provided under the following:

PRIVATE COMPANY PROTECTION PLUS

In consideration of the premium paid, the policy is amended as follows:

7

1. **OUTSIDE DIRECTORSHIP MODIFICATION**

PART 1 DIRECTORS & OFFICERS LIABILITY INSURANCE, Section II
(DEFINITIONS), item A. (**D&O Wrongful Act**), item 3. is replaced by the following:

> 3. act, error, omission, misstatement, misleading statement, neglect, or breach of duty
> committed or attempted by an Individual Insured arising out of serving in his/her
> capacity as a director, officer, governor or trustee of an Outside Entity if such service
> is at the written request or direction of the Private Company.

3. **AMENDMENT OF PRIOR AND PENDING LITIGATION**

PART 5, (COMMON POLICY EXCLUSIONS), item F. is replaced by the following:

> 1. any litigation or demand against an Insured pending on or before the respective
> Prior and Pending Date set forth in Item 5 of the Declarations Page, or the same or
> essentially the same facts as alleged in such prior litigation; or
>
> 2. any Wrongful Act, fact, circumstance or situation which has been the subject of any
> written notice given under any other similar policy in which this Policy is a renewal or
> replacement .

The Policy only provides coverage to the insured for loss from claims made against the
insured and properly reported for D&O Wrongful Acts. To the extent that the allegations against
Unilink, LLC and Gary Gregory' Marc Behaegal, Akbar Boutarabi, Mike Moore and
Pennsylvania Food Group, LLC do not allege a loss based upon a D&O Wrongful Act, the
Policy does not provide coverage and PIIC reserves the right to refuse to defend or indemnify
Unilink, LLC and Gary Gregory' Marc Behaegal, Akbar Boutarabi, Mike Moore and
Pennsylvania Food Group, LLC including the right to withdraw the offered defense if there are
allegations that may pertain to conduct other than in a capacity as an Individual Insured or
Private Company.

To the extent that the allegations do not seek a monetary judgment qualifying as damages
and does not qualify as a loss under the Policy, PIIC reserves the right to disclaim coverage
including disclaiming coverage for any damages deemed uninsurable under applicable law.
Moreover, for any loss or claim for damages which does not arise out of conduct in your capacity
as either an Individual Insured or Private Company, the Policy does not afford coverage.

PIIC reserves the right to disclaim coverage to make any payment for loss in connection
with any claim made against Unilink, LLC and Gary Gregory' Marc Behaegal, Akbar Boutarabi,
Mike Moore and Pennsylvania Food Group, LLC  precluded under any Policy Exclusion
including, but not limited to, those Exclusions set forth in this letter.

PIIC's position with respect to this matter is based upon the information provided to date
and is subject to further evaluation.  PIIC reserves the right to disclaim coverage based upon any

8

other term, condition, provision or exclusion of the policy not specifically stated herein which may prove to be pertinent to this claim as additional facts, know or unknown, may warrant or indicate. PIIC reserves its right to amend or supplement this declination as well as reserving the right to seek a Declaratory Judgment at any time.

Neither this letter nor any statement or conduct of PIIC or its agents, attorneys and/or employees should be construed as a waiver, modification or estoppel with respect to the subject Policy, its terms, conditions, exclusions and/or limitations. No action or conduct taken by PIIC, its agents, employees, representatives or attorneys shall constitute a waiver of any right or defense, nor estop PIIC from asserting such rights or defenses at a later date. PIIC reserves the right to decide to investigate further the facts and circumstances surrounding these allegations and rely upon any such information learned in exercising any and all rights and defenses under the Policy, including the right to disclaim any duty to defend or indemnify based upon any such information learned or subsequently brought to PIIC's attention.

You also have the right to select counsel, subject to the approval of the company. PIIC will reimburse the following hourly rates: $185for Partner, $160 for associate, and $75hr Paralegal. If there is a difference in their rates and those we will reimburse, you may, if you choose, pay the hourly rate differential. The differential does not serve to reduce the retention amount. Should you desire, PIIC will assist in helping you locate qualified counsel in your area who will partner with you in the rates stated above.

If you believe that PIIC's position in this matter has been based upon incomplete or inaccurate information or if you believe there exists additional information which you feel should cause PIIC's to reevaluate its position, you should advise us accordingly as soon as possible.

Very truly yours,

*[signature]*

Lawrence J. Burns
Sr. Professional Liability Specialist

cc:  Ross Insurance Agency, LLC
     1496 Lititz Pike
     Lancaster PA 17601

EXHIBIT C

Law Offices
## *MARK C. H. MANDELL*

Admitted to Practice:
New York, New Jersey
&
Pennsylvania
U.S. Court of Appeals: 2nd, 3rd, 9th, 11th, & D.C. Cir.
United States Supreme Court
*Reply To*  **New Jersey** *Office*

New Jersey:   *42 Herman Thau Road*
*Annandale, NJ 08801*
*(908)638-4434*
*Fax (908)638-4432*

New York:   *3 Park Avenue, 16th Floor*
*New York, NY 10016*
*(212)349-0055*

November 14, 2013

Keaton Law Firm, P.C.
707 Lake Cook Road
Deerfield, IL 60015
Att: Michael J. Keaton, Esq.                                             Via Fax Only

Re:     Food Team v. Unilink, et. al.
EDPa 10-3584/ 3dCir 13-4326

Dear Mr. Keaton,

I have received your Notice of Cross-Appeal filed in the District Court yesterday.

This shall serve as formal demand upon you, pursuant to F.R.C.P. Rule 11 and F.R.A.P Rule 38 to immediately withdraw that portion of your cross-appeal concerning non-disclosure of an insurance policy under F.R.C.P. Rule 26(a)(1)(A)(iv).  No such "insurance agreement liable to satisfy any part of a judgment entered" in the District Court against the named Defendants in favor of the named Plaintiff ever existed.  Since you have been given a copy of the only existing policy that has no such qualifying liability and which was not even in effect until some 5 months **after the occurrences comprising your client's complaint, you have been given irrefutable proof that your claim has no basis in fact**.  I further refer you to my June 13, 2012 letter which accompanied the copy of the policy in question.  Accordingly, your application to the District Judge was frivolous and your attempt to cross-appeal on this issue is likewise frivolous and clearly brought for the purpose of harassment. If you refuse to withdraw it, I shall move the Court to stike your Cross-Appeal and for appropriate sanctions.

As controlling Pennsylvania law on the question of attorney's fees arising from invoice language is uniformly against your claim, your continued citation of default judgment cases under the PACA in the Eastern District will be unavailing.  My research shows that Herzog Oil is still controlling on the question of attorney's fee invoice terms, making your Cross-Appeal on the question devoid of merit.  If you have competent authority under Pennsylvania law in support of that portion of your appeal, I will be interested to see what you have, however absent such authority you should reconsider further pursuit of the claim.

Lastly, review of your Notice of Cross-Appeal pertaining to your claim for attorney's fees is defective in that you cite D.E. #69 of May 18, 2012 and state that a judgment was "entered".  There has been only one judgment actually entered in this case, that of October 1, 2013.  No judgment was ever submitted or entered on or after May 18, 2012 nor can any such judgment now be entered because the Decision and Order of May 18, 2012, have been appealed to the Third Circuit so the District Court has no further jurisdiction to do so.  Please amend and remedy your Notice of Cross-Appeal so that this matter may proceed on a proper basis.

Very truly yours,

Mark C. H. Mandell