**RECORD NOS. 13-4326; 13-4426**

In The

# United States Court of Appeals

For The Third Circuit

## FOOD TEAM INTERNATIONAL LTD,

*Plaintiff – Appellee/Cross-Appellant*,

**v.**

## UNILINK LLC; AKBAR BOUTARABI; GARY GREGORY; MARC BEHAEGEL; MIKE MOORE; PENNSYLVANIA FOOD GROUP LLC,

*Defendants – Appellants/Cross-Appellees.*

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

———————

### ANSWERING AND REPLY BRIEF OF APPELLANTS/CROSS-APPELLEES

———————

Mark C.H. Mandell
ATTORNEY AT LAW
42 Herman Thau Road
Annandale, New Jersey  08801
(908) 638-4434

*Counsel for Appellants/Cross-Appellees*

# TABLE of CONTENTS

**Page**

TABLE of AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUPPLEMENTAL STATEMENT of APPELLATE JURISDICTION . . . . . . . . . 1

SUMMARY of ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    POINT I      APPELLEE/CROSS-APPELLANT HAS MISSTATED
                 CORE MATERIAL FACTS TO THE POINT OF
                 FALSEHOOD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    POINT II     APPELLEE/CROSS-APPELLANT HAS FAILED TO
                 SUPPORT THE DISTRICT COURT'S IMPOSITION
                 OF LIABILITY ON THE INDIVIDUAL
                 DEFENDANTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    POINT III   HAVING DISMISSED PFG, THE PACA TRUSTEE
                 APPELLEE/CROSS-APPELLANT'S STATUTORY
                 TRUST CLAIMS AGAINST ALL PARTIES WERE
                 WAIVED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    POINT IV   APPELLEE/CROSS-APPELLANT HAS NO CLAIM
                 FOR ATTORNEYS FEES . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    POINT V    APPELLEE-CROSS APPELLANT'S SEEKING
                 SANCTIONS FOR A DISCOVERY MATTER IS
                 FRIVOLOUS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

COMBINED CERTIFICATIONS

CERTIFICATE of SERVICE

# TABLE of AUTHORITIES

Page(s)

## CASES

*G&G Peppers LLC. v. EBRO Foods, Inc.*,
    424 B.R. 420 (U.S.B.C. N.D. Ill. 2010), *aff'd in part, rev'd in part*,
    499 B.R. 759 (N.D. Ill. 2011 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Herzog Oil Field Service, Inc. v. Otto Torpedo Company*,
    391 Pa. Super. 133 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Johnson Tire Service, Inc. v. Thorn, Inc.*,
    613 P.2d 521 (Utah 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## STATUTES

7 U.S.C. § 499 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8

7 U.S.C. § 499e(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

7 U.S.C. § 499e(c)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

7 U.S.C. § 499g(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 10

U.C.C. § 1-203 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

U.C.C. § 2-207 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

## RULES

Fed. R. Civ. P. 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fed. R. Civ. P. 26(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 10

Fed. R. Civ. P. 26(a)(1)(A)(iv) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**OTHER AUTHORITY**

Restatement of Trusts Second, § 284  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## PRELIMINARY STATEMENT

Appellants submit this Memorandum of Law and Arguments in Reply to Appellee's Opposition to the within Appeal and in Opposition to the Cross-Appeal of Food Team International, Inc.  As used herein the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. § 499 with be referred to as the "PACA" and the provisions of § 499e(c) will be referred to as the "PACA Trust" or "Statutory Trust".

## SUPPLEMENTAL STATEMENT of APPELLATE JURISDICTION

Since the Appellee/Cross-Appellant's cross appeal with regard to an alleged violation of Federal Rule of Civil Procedure Rule 26(a) is not based upon or an appeal from an actual order of the District Court below, the Court of Appeals lacks jurisdiction over the issue pursuant to 28 U.S.C. § 1291.

## SUMMARY of ARGUMENTS

POINT I:    Appellee/Cross-Appellant's claim that the trial Court made a finding of "diversion" of trust assets is refuted by the record.

POINT II:    Appellee/Cross-Appellant has failed to establish any legal or factual support for the District Court's holding Defendants Gregory, Boutarabi, or Behaegel personally liable to Plaintiff when, throughout the course of the litigation, $1,400,000 of Unilink assets were being held freely available to pay Plaintiff's PACA Trust-qualified claim of less that $30,000.

1

POINT III:   Appellee/Cross-Appellant has failed to address the core issue of its

complete waiver of its rights and remedies under the PACA Statutory Trust when

it knowingly dismissed (for the second time) all of its claims against Pennsylvania

Food Group LLC, the fully disclosed 100% owner of Defendant Unilink and

holder/trustee of the Unilink statutory trust res.

POINT IV:   Appellee/Cross-Appellant has failed to make the case for reversal of

the District Court's denial of the claim for attorney's fees, and has failed to

address controlling Pennsylvania law that is dispositive on the issue of attorneys

fees in this case.

POINT V:    Appellee/Cross-Appellant's attempt to seek sanctions for an alleged

violation of Fed. R. Civ. P. Rule 26(a) is completely frivolous and unsupported.

## ARGUMENTS

## POINT I

### APPELLEE/CROSS-APPELLANT HAS MISSTATED
### CORE MATERIAL FACTS TO THE POINT OF FALSEHOOD

Entry No. 12 on Appellee's asserted "Undisputed Facts" states:

"Unilink *diverted* the $1,400,000.00 proceeds from the sale of its assets to
PFG. J.A. p. 89 DE #87 p, 29." [emphasis supplied]

There was no finding of any "diversion" of Unilink assets by the District Court.

The actual finding was that the monies paid by Seneca Foods were

"transferred to, and are still held by, former-defendant Pennsylvania Food Group LLC (Unilink's sole shareholder)" J.A. p. 89.

There was no "diversion" involved in the asset sale to Seneca, and Appellee's attempt to create one is patently improper. When Unilink's assets were sold and it ceased operations, there was one and only one place for the remaining sale proceeds to be paid, held in trust, and protected. That place was with the sole controlling owner of Unilink, Pennsylvania Food Group LLC ("PFG"). That entity was fully disclosed to and known by Plaintiff (see Plaintiff's Trial Exhibit 3, J.A. pg. 293). As the sole shareholder of Unilink, PFG had the primary obligation under the PACA Trust to take custody of the Seneca sale proceeds after Unilink ceased operations, and to hold such assets such that they were and remained freely available to discharge the all remaining obligations under the PACA Trust. PFG fully performed its duties as PACA Trustee.

Unilink's assets were never "diverted" to anyone, and the Record in the Court below established that simple fact beyond any question or attempt by Appellee/Cross-Appellant to play with the words used.

Appellee/Cross-Appellant continues it's efforts at creation of facts not in the Record on page 8 of its main brief where it affirmatively states:

"The District Court found in favor of Food Team on its claims for breach of the PACA Trust at the summary judgment stage. J.A. p. 5, DE# 68"

3

The reference is to the District Court's opinion on the summary judgment, however the District Court has never made any finding or holding that any defendants in this case "breached" any duty under the PACA Trust.  Actually, with its finding that PFG still held the $1,400,000 in the net Unilink sale proceeds, the District Court made just the opposite finding.  The District had no factual or legal basis to find a breach of the Trust, and, in fact, made no such finding.  Appellee/Cross-Appellant's assertion is just another example of fabricated and misleading statements.

### POINT II

### APPELLEE/CROSS-APPELLANT HAS FAILED TO SUPPORT THE DISTRICT COURT'S IMPOSITION OF LIABILITY ON THE INDIVIDUAL DEFENDANTS

The District Court in its decision of May 18, 2012 to "impose" personal liability on the Messrs. Gregory, Boutarabi, and Behaegel myopically focused on their positions of control of Unilink but completely ignored the requirements that, in addition to control, there must also be a determination that the individual was also guilty of an act or omission constituting a breach of fiduciary obligation.  With $1,400,000 in cash wating to be drawn upon, there was and could be no such finding made.

Did Marc Behaegel sell the $1,400,000 in Unilink assets?  No.  Did he receive (or take) any of the proceeds?  No.

Did Akbar Boutarabi sell the $1,400,000 in Unilink assets?  No.  Did he receive (or take) any of the proceeds?  No.

Did Gary Gregory sell the $1,400,000 in Unilink assets?  No.  Did he receive (or take) any of the proceeds?  No.

Did Gregory, Boutarabi or Behaegel fail to do something that resulted in any portion of that $1,400,000 becoming dissipated, encumbered or liened, or in way not "freely available" to pay Food Team International, Inc. the roughly $30,000 due under the PACA Trust? No.

At the call of the trial calendar in the District Court on May 18, 2012 were the freely available assets being held by the group of defendants before the Court (Gregory, Boutarabi, Behaegel, Moore, Unilink, and PFG) insufficient to pay any and all of the Plaintiff's qualified claims under the PACA Trust?  With $1,400,000 sequestered by the individual Defendants in the custody of Defendant PFG, the answer is "Absolutely Not."

Appellee/Cross-Appellant has not cited a single case authority where personal liability was imposed on corporate principals, with or without "control", where the corporate entities were not insolvent or fully able to pay the entire amount owed.  No case under the PACA Trust has imposed liability on individuals when the corporate defendant held freely available *cash* assets in excess of 30 times the total liability to the aggrieved unpaid seller of the produce.  Neither

5

Appellee/Cross-Appellant nor the District Court has cited such a case because no such case authority exists.  Virtually every case arising under the PACA Trust where personal liability was imposed upon officers or controlling persons has involved a corporate entity that did not have sufficient liquid assets to pay its unpaid PACA Trust-qualified produce suppliers in full.

Unless this honorable Court makes a serious mistake, there never will be such a case.  Only Congress has the power to impose such liability under the PACA.

## POINT III

### HAVING DISMISSED PFG, THE PACA TRUSTEE APPELLEE/CROSS-APPELLANT'S STATUTORY TRUST CLAIMS AGAINST ALL PARTIES WERE WAIVED

Food Team International's claims under the PACA Statutory Trust were brought under the remedy specifically created for that purpose wherein Congress enacted the language now set forth in 7 U.S.C. § 499e(c)(5).  The remedy is to "enforce payment from the trust."  The remedy included the remedy to obtain payment from whomever is holding the trust res and, given the proper circumstances, to have such trust assets disgorged by an entity who has knowingly received them in breach of the trust (Restatement of Trusts Second, § 284).  When Food Team, having been placed under oath by the Court, dismissed all of its claims against PFG J.A. p. 224-227, it willingly gave up its rights to enforce

payment from the previously identified Trustee, and abandoned its rights to seek

disgorgement of its alleged share of the PACA Trust res that was being diligently

held and protected by Defendants in the custody of PFG.  Having abandoned its

trust claims against Defendants for the second time, Plaintiff also stripped itself of

the ability to seek payment from the individual defendants as well.

Appellee/Cross-Appellant's assertion of District Court's decision on

Summary Judgment, which is also the subject of both the Appeal and the Cross-

Appeal in this matter, as supporting a *res judicata* preclusion of the issues of

individual liability in this case is devoid of merit.  Such issue preclusion will only

apply when and if this Court affirms the District Court's ruling.  Appellee/Cross-

Appellant's "Law-of-the-Case" argument is of no weight whatsoever.

### POINT IV

### APPELLEE/CROSS-APPELLANT HAS NO
### CLAIM FOR ATTORNEYS FEES

The PACA has no provision that provides Appellee/Cross-Appellant in this

action with a claim for attorney's fees.  The contracts negotiated between the

companies in October and November of 2008 [J.A. p. 295-310] contained all the

terms agreed upon, but held no provision for either interest on past due accounts

or the recovery of attorney's fees by either party in the event of a litigation.  Of the

thirty (30) invoices sent by Appellee/Cross-Appellant, only the last two, sent at the

7

beginning of June after disputes had arisen over the commodities, attempted to get Unilink's agreement to such terms. Appellee/Cross-Appellant waived any right it might have had to insert a provision for attorneys fees or "credit card" interest by its consistent conduct to the contrary. Its attempt to tag the provisions onto the last two invoices shows not honesty and fair dealing but rather a sneaky attempt to improve its position to try to leverage Unilink with threats of litigation costs. Such conduct is not what U.C.C. § 2-207 was drafted for, and Appellee/Cross-Appellant's attempt amounts to subversion of the principals of honesty and fair dealing presumed under the entire U.C.C.

Appellee/Cross-Appellant's attempt to sneak such provisions by a Unilink bookkeeper using fine print at the bottom of the form indicates nothing more than a willingness to ignore U.C.C. § 1-203 as well as the very purpose for which the PACA was enacted as set forth in the preamble to 7 U.S.C. § 499:

> "AN ACT To suppress unfair and fraudulent practices in the marketing of perishable agricultural commodities in interstate and foreign commerce."

It is, perhaps, consistent with Appellee/Cross-Appellant's conduct in this case that it has pointedly neglected to place before the Court the controlling authority in the State of Pennsylvania on the question of the application of U.C.C. § 2-207 ("Battle of the Forms") to the addition of invoices forms that contain attorney fee-shifting language. It is still more egregious when that same authority

is the very authority cited by the District Court in denying Appellee/Cross-

Appellant's claims for attorneys fees.

Invoice language attempting to establish an entitlement to attorney's fees in

Pennsylvania has been soundly rejected and disallowed.  In *Herzog Oil Field*

*Service, Inc. v. Otto Torpedo Company*, 391 Pa. Super. 133 (1990), 570 A.2d 549,

[11 UCC Rep.Serv.2d 471], the Court held that clauses concerning attorneys fees

in confirmations were material alterations to the contract and therefore not within

the purview of U.C.C. § 2-207.  The court cited a similar result in *Johnson Tire*

*Service, Inc. v. Thorn, Inc.*, 613 P.2d 521 (Utah 1980).  The same conclusion was

reached in a PACA case of *G&G Peppers LLC. v. EBRO Foods, Inc.*, 424 B.R.

420 (U.S.B.C. ND Ill. 2010), a case involving a plaintiff's PACA Trust claim.

The Bankruptcy Court, based upon Illinois and 7th Circuit law defining material

alteration of a contract, denied the PACA creditor's invoice language for attorneys

fees and disallowed the claim.  The Court should note that the *EBRO* decision was

appealed to the District Court which reversed, in part, and remanded the case to

the bankruptcy court, not because of an error in application of § 2-207, but rather

because the creditor had obtained a USDA reparation award against the debtor,

and was, therefore, entitled to an award of attorneys fees pursuant to 7 U.S.C.

§ 499g(b) of the PACA.  District Court's decision is reported at 449 B.R. 759

(ND. Ill., 2011).

9

Counsel for Food Team did ask Mr. Gregory about terms of the Food Team invoices. Mr. Gregory acknowledged that the "terms" set forth for the commodities and prices were all correct, however, when it got to Appellee/Cross-Appellant's fine print on the bottom of the pages, Mr. Gregory noted that he'd never seen such things before and that there was never any agreement with Food Team over attorneys fees [J.A. p. 346-347]. Appellee/Cross-Appellant's attempt to argue "lack of surprise" to the fine print hidden at the bottom of its final two invoices is without merit and contrary to the purpose and intent of both the PACA and the Uniform Commercial Code.

## POINT V

## APPELLEE-CROSS APPELLANT'S SEEKING SANCTIONS FOR A DISCOVERY MATTER IS FRIVOLOUS

As a Court of Appeals, this Court's subject matter jurisdiction is limited, pursuant to 28 U.S.C. § 1291, to an <u>appealable order of the District Court</u>. There was no such order by the District Court concerning any Rule 26(a) violation. Appellee/Cross-Appellant has proffered no justification for this appellate court to take cognizance, let along rule, on an alleged discovery dispute which is being *formally* raised for the first time on appeal. There is no legal argument that can be made to justify taking the time of this appellate court or opposing counsel to address this issue which is legally frivolous.

The requirement of Fed. R. Civ. P. Rule 26(a)(1)(A)(iv) directs disclosure of "any insurance agreement under which an insurance business *may be liable to satisfy all or part of a possible judgment in the action*."  No such insurance agreement has ever existed.  This simple fact was made clear to counsel during post-trial conferences with the District Court in June of 2012 after which he was supplied with a copy of the policy in question **that was not even in effect during the time of the transactions giving rise to the Complaint**.  Appellee's counsel was given exact directions to the specific policy exclusions which removed any possibility of the insurance company being responsible for any judgment (or portion thereof) that could be entered in Plaintiff-Appellee's favor.

Indeed, the entire premise on which Appellee is proceeding on this issue makes no sense.  What defendant in his right mind would fail to disclose an insurance policy that could insulate him from both the costs of litigation **and the entire monetary obligation to pay the plaintiff's claims?**  The scenario being painted by Appellee/Cross-Appellant is absurd.

## CONCLUSION

For all the reasons set forth in the arguments above, and upon the authorities cited herein, Appellants/Cross Appellees respectfully request that the original questions presented be answered in the affirmative in accordance with the applicable law and authorities cited, and that the Court issue a mandate reversing

the District Court's Orders holding the individual Defendant-Appellants

personally liable to Plaintiff-Appellee, dismissing the Plaintiff-Appellee's claims

under the PACA Statutory Trust, affirming the District Court's denial of

Appellee/Cross-Appellant's claim for attorney's fees, and striking Appellee/Cross-

Appellant's request for sanctions for violation of Fed. R. Civ. P. Rule 26.

Respectfully Submitted:

October 3, 2014

/s/Mark C. H. Mandell
Mark C. H. Mandell
*Attorney for Appellants/Cross-Appellees*
42 Herman Thau Road
Annandale, NJ 08801
(908)638-4434

## COMBINED CERTIFICATIONS

I, Mark C. H. Mandell, hereby certify:

1.  That this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,488 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  That this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5), and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced serif typeface using Corel WordPerfect 12 in 14-point Times New Roman font.

3.  Pursuant to Local Rule 46.1, that Mark C. H. Mandell is a member in good standing of the bar for the United States Court of Appeals for the Third Circuit.

4.  That text of the electronic brief is identical to the text in the paper copies.

5.  That a virus detection program (McAfee VirusScan Enterprise, Version 8.7i) has been run on the electronic file and no virus was detected.

Dated:  October 3, 2014                    /s/ Mark C. H. Mandell
                                           *Counsel for Appellants*

## CERTIFICATE of SERVICE

The undersigned attorney hereby certifies that the Answering and Reply Brief of Appellants/Cross-Appellees were filed electronically with the Clerk of the Court for the United States Court of Appeals for the Third Circuit using the appellate CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated:  October 3, 2014                          /s/ Mark C. H. Mandell_____

                                                 *Counsel for Appellants*